UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

    Plaintiff,

vs.                                                     CASE NO. 3:10-cv-398-J-32TEM

JACKSONVILLE SHERIFF'S
OFFICE,

    Defendant.
_____

## **REPORT AND RECOMMENDATION**[1]

This matter is before the Court on the Plaintiff's complaint (Doc. #1) and Plaintiff's request to proceed *in forma pauperis*, contained in the affidavit of indigency (Doc. #2). Upon review of these documents, the Court finds Plaintiff's complaint is subject to dismissal and, therefore, recommends the request to proceed *in forma pauperis* be denied and that the case be dismissed without prejudice.

Under 28 U.S.C. §1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and the costs associated with a lawsuit. As recognized by the United States Supreme Court, however, "a litigant whose filing fees and court costs are assumed by the public...lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When an application to proceed *in forma pauperis* is

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief.  A suit is frivolous where it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Thus, the Court is empowered with the discretion to dismiss an action, *sua sponte*, if the case falls within one of the restrictions specified in the statute.  See *Neitzke*, 490 U.S. at 324.

While the filed affidavit of indigency reveals Plaintiff may have insufficient resources to commence and conduct the litigation, a review of the complaint shows Plaintiff has failed to state a valid claim upon which relief might be granted.  Furthermore, the lawsuit is frivolous under the standard established by *Neitzke*.

In this case, Plaintiff states he is pursuing a claim under the civil rights clause for "sexual discrimination" (Doc. #1 at 2)—presumably pursuant to 42 U.S.C. § 1983.  In the complaint, Plaintiff asserts that, on or about March 20, 2010, Plaintiff's alleged same-sex husband, James D. Griffis (Mr. Griffis), went on a "drinking and drug b[inge]" (Doc. #1 at 3).[2]  On May 8, 2010, after attempting to locate Mr. Griffis, Plaintiff contacted Defendant to report a missing person (Doc. #1 at 3).  Apparently, Officer S.J. Patrick responded to the call (Doc. #1 at 3).  Plaintiff maintains Officer Patrick became angry because he "had to write a report" (Doc. #1 at 3).  Plaintiff claims Officer Patrick stated he "was opposed to same-sex marriages" and that nothing would be done to locate Mr. Griffis (Doc. #1 at 3).

---

[2]The complaint is unclear as to the relationship between Plaintiff and Mr. Griffis. The complaint includes a copy of a Certificate of Marriage evidencing a marriage between "James Daren Griffis" and "Sharon Krystal Fisher," and the certificate references a unity between a man and a woman (Doc. #1 at 6).

Plaintiff asserts that, based on the foregoing, he was discriminated against by the Jacksonville Sheriff's Office (*see* Doc. #1).  Thus, Plaintiff seeks an order from the Court: (1) directing Defendant to locate Mr. Griffis and "return" Mr. Griffis to Plaintiff; (2) removing Officer Patrick from his position with the Jacksonville Sheriff's Office; and (3) one million dollars in damages to compensate him for "undue stress" (Doc. #1 at 4).

As an initial matter, Plaintiff appears to be asserting a claim on behalf of Mr. Griffis. Federal courts, however, allow a party to plead and conduct their own cases personally or by way of counsel.  28 U.S.C. § 1654.  In addition, the Middle District of Florida permits only licensed and admitted attorneys, as well as certain eligible law students, to appear as counsel in proceedings before it.  *See* Local Rule 2.01(a)(b), 2.02, 2.05.  A non-attorney who is authorized to bring suit on behalf of a party may not appear *pro se* as that party's "legal counsel," even where statutes or regulations permit the non-attorney to serve as a representative in administrative proceedings.  *Hand v. Bibeault, et.al.*, No. 10-11573, slip op. at 1 (11th Cir. 2010).

With respect to the putative claims Plaintiff wishes to assert on his own behalf, Plaintiff has failed to state a cause of action.  Since Plaintiff has filed a significant number of law suits on a *pro se* basis within the United States District Court, Middle District of Florida, he is undoubtedly more familiar with procedural and substantive law than would the *pro se* litigant bringing a single lawsuit.  Therefore, Plaintiff should be aware that *respondeat superior* has clearly been rejected as a theory of recovery under Section 1983. "It is well established in this Circuit [the Eleventh Circuit] that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of

*respondeat superior* or vicarious liability*." Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (*internal quotation marks and citation omitted*).

The Eleventh Circuit has found that courts should permit *pro se* litigants, who are seeking *in forma pauperis* status, the opportunity to amend a deficient complaint before dismissing it pursuant to § 1915 for failure to state a claim. *Troville v. Venz*, 303 F.3d 1256, 1260, n.5 (11th Cir. 2002). It should be noted, however, that Plaintiff has filed *pro se* actions in this Court for over ten years.[3]  *See e.g., Fisher v. State of Florida*, Civ. Action No. 3:97-cv-0547-J-20HTS (M.D. Fla. May 22, 1997) (IFP denied; case dismissed with prejudice); *Fisher v. Weatherby*, Civ. Action No. 3:98-cv-0055-J-21TJC (M.D. Fla. Jan. 23, 1998) (IFP denied; case dismissed); *Fisher v. Boatwright, et al.*, Civ. Action No. 3:01-cv-0552-J-20HTS (M.D. Fla. Oct. 10, 2001) (IFP granted; defendant's motion to dismiss for failure to state a claim granted and the case dismissed with prejudice); *Fisher v. State of Florida, et al.*, Civ. Action No. 3:02-cv-0671-J-20HTS (M.D. Fla. Mar. 24, 2003) (report and recommendation of the magistrate judge adopted; case dismissed for failure to prosecute because plaintiff failed to amend the complaint as directed); *Fisher v. State of Florida*, Civ. Action No. 3:08-cv-62-J-33MCR (M.D. Fla. Feb. 8, 2008) (report and recommendation of the magistrate judge adopted; case dismissed for failure to state a valid claim for violation of any federal law).

As the majority of Plaintiff's *pro se* actions have been dismissed either as frivolous or due to a failure to state a claim upon which relief may be granted, the undersigned considered recommending that the case be dismissed with prejudice. In an abundance of

---

[3]It appears to the Court that Plaintiff James Fisher has filed well in excess of fifty (50) civil cases in the Middle District of Florida.

caution, however, the undersigned will recommend that the case be dismissed without prejudice.

Accordingly, and upon due consideration, the undersigned hereby respectfully **RECOMMENDS**:

1. The motion to proceed *in forma pauperis* (Doc. #2) be **DENIED.**

2. The complaint (Doc. #1) be **DISMISSED without prejudice**.

3. Plaintiff be afforded **thirty (30) days** withing which to file an amended complaint.

**DONE AND ENTERED** at Jacksonville, Florida this 1st day of November, 2010.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: *Pro Se* Plaintiff
and the Honorable Timothy J. Corrigan